51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cynthia GOEFFERT, Plaintiff-Appellant,
v.
BEECH AIRCRAFT CORPORATION, Defendant-Appellee.
 No. 94-3137.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1995.
 
 Before EBEL and KELLY, Circuit Judges, and BRATTON, District Judge.d
 ORDER AND JUDGMENT*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff-appellant Cynthia Goeffert appeals from the district court's grant of summary judgment in favor of Defendant-appellee Beech Aircraft Corporation. The district court held that Ms. Goeffert had failed to establish a colorable claim of sexual harassment or that her termination at the hands of Beech had been retaliatory in nature. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 2
 The parties are familiar with the facts in this case, and so we will not restate them here. Rule 56(c), Fed.R.Civ.P., provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We review the grant of summary judgment de novo. James v. Sears, Roebuck & Co., Inc., 21 F.3d 989, 997-98 (10th Cir.1994). We view the summary judgment evidence in the light most favorable to the party opposing summary judgment. Blue Circle Cement, Inc. v. Bd. of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994). However, summary judgment will be granted if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986).
 
 
 3
 Applying this standard, we agree with the district court that Ms. Goeffert has not identified facts sufficient to support a sexual harassment claim for purposes of Title VII, 42 U.S.C. Sec. 2000e-2(a)(1). Under the totality of the circumstances standard enunciated in Harris v. Forklift Sys., Inc., 114 S.Ct. 367, 371 (1993), Ms. Goeffert has failed to adduce evidence that "the sexual harassment [was] sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment...." Jones v. Flagship Int'l, 793 F.2d 714, 719-20 (5th Cir.1986) (citing Henson v. City of Dundee, 682 F.2d 897, 903-05 (11th Cir.1982)), cert. denied, 479 U.S. 1065 (1987). The few incidents she relies upon are sporadic, and thus insufficient to make out a claim of a hostile work environment. See Hicks v. Gates Rubber Co., 833 F.2d 1406, 1414 (10th Cir.1987).
 
 
 4
 The district court also was correct in rejecting Ms. Goeffert's claim that her termination was retaliatory in nature and thereby violated 42 U.S.C. Sec. 2000e-3(a). Even if we assume that Ms. Goeffert has established a prima facie case of retaliation, Beech has articulated a legitimate, nondiscriminatory reason for the termination: the sexual assault of a coworker, an event corroborated by other Beech employees. See Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir.1993). Ms. Goeffert was required to go beyond evidence that Beech's understanding of the incidents may have been incorrect; she was required to make a showing that the proffered reason was merely a pretext for unlawful retaliation. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2751 (1993); Shapolia v. Los Alamos Nat'l Laboratory, 992 F.2d 1033, 1039 (10th Cir.1993); EEOC v. Flasher Co., Inc., 986 F.2d 1312, 1321 (10th Cir.1992). While Beech's process of imposing discipline may not be faultless in every particular, the issue on summary judgment was whether this termination was motivated by an improper purpose, unlawful under Title VII. See Ingels v. Thiokol Corp. 42 F.3d 616, 623 (10th Cir.1994); Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1434 (10th Cir.1993). Here, Ms. Goeffert has not produced significant probative evidence that similarly situated personnel were treated differently in light of reports of overt sexual employee contact by a supervisor. See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 532 (10th Cir.1994).
 
 
 5
 AFFIRMED.
 
 
 
 d
 The Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3