54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James W. LONG, Plaintiff-Appellant,
v.
CITY OF KANSAS CITY; David T. Isabell; Veda J. Monday,
Elmer W. Sharp, Fred Zimmerman, Councilpersons,
Defendants-Appellees.
 No. 94-3247.
 United States Court of Appeals, Tenth Circuit.
 May 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff brought this action after failing to be selected as fire chief for Kansas City, Kansas, alleging claims for age discrimination, civil rights violations involving improper political patronage, and constructive discharge. In separate orders, the district court granted summary judgment motions filed by the city, city administrator Isabell, and city council members Monday, Sharp, and Zimmerman. Plaintiff appeals, and we have jurisdiction under 28 U.S.C. 1291. We review grants of summary judgment de novo. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 527 (10th Cir.1994).
 
 
 2
 The parties are aware of the facts, and we need not repeat them here. On appeal, plaintiff claims the district court erred by holding that: (1) there were no material factual issues regarding whether the position was filled by a person within the protected age group, whether Isabell made the appointment solely on the candidates' qualifications, and whether Isabell is an employer under the Age Discrimination in Employment Act; (2) political party affiliations are an acceptable criterion for the fire chief position; (3) Isabell was entitled to qualified immunity on the political patronage claim; (4) the political patronage claim against the city required a showing of government policy or custom; (5) the facts established that Isabell did not consider plaintiff's political affiliations in making the selection; (6) he was not constructively discharged; and (7) he was not entitled to punitive damages on his political patronage claim.
 
 
 3
 We have fully reviewed and considered the parties' briefs and the record on appeal, and we conclude that the district court did not make reversible error. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument