**Carol Ann HUDDLESTON, Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY d/b/a Kemper National Insurance Companies, Defendant.**

Civil Action No. 95–2483–GTV.

United States District Court,
D. Kansas.

Dec. 13, 1996.

William S. Robbins, Jr., Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for Plaintiff.

Louis A. Huber, III, Bryan Cave LLP, Kansas City, MO, Paul R. Garry, Robin I. Edelstein, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Defendant.

**308**

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on defendant's motion (Doc. 34) for summary judgment, pursuant to Fed.R.Civ.P. 56(b), as to Count II of plaintiff's complaint. Plaintiff has responded (Doc. 39) and opposes the motion. The motion is denied.

This is an employment discrimination action in which plaintiff claims that defendant discriminated against her in the terms, conditions, and privileges of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In her complaint, plaintiff alleges that: (1) the conduct of her supervisor towards her constituted sexual harassment, (2) defendant fired her for reporting that she was the victim of sexual harassment, and (3) she was wrongfully discharged in retaliation for filing a workers' compensation claim.

By its memorandum and order of September 27, 1996, the court granted defendant's motion for summary judgment on plaintiff's claim of sexual harassment and denied defendant's motion to dismiss plaintiff's claim of retaliatory discharge. Subsequent to that order, the court granted plaintiff's motion for voluntary dismissal of her state-law claim for wrongful discharge. Plaintiff's only remaining claim is her retaliatory discharge claim.

Defendant advances two grounds in support of its motion for summary judgment. Defendant argues that plaintiff has not established a *prima facie* case of retaliatory discharge. Additionally, defendant contends that even if plaintiff has met the elements of her *prima facie* case, it has offered legitimate, non-retaliatory reasons for its decision to fire plaintiff that plaintiff has not rebutted.

### I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party who opposes summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

The defendant, as the moving party, has the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the plaintiff to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Plaintiff's burden is to " 'present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.' " *Thomas v. International Bus. Machs.,* 48 F.3d 478, 484 (10th Cir.1995) (quoting *Bacchus Indus., Inc.,* 939 F.2d at 891). Plaintiff cannot rely on conclusory allegations to defeat a properly supported motion for summary judgment. *White v. York Int'l Corp.,* 45 F.3d 357, 363 (10th Cir.1995).

In employment discrimination cases, the use of summary judgment is normally inappropriate because an individual's state of mind and intent are implicated. *See Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 530 (10th Cir.1994) (court should sparingly use summary judgment to settle issues of intent). Nonetheless, summary judgment is applicable in discrimination cases if the appropriate standards are met. *See Summers v. State Farm Mut. Auto. Ins. Co.,* 864 F.2d 700, 709 (10th Cir.1988) (summary judgment is appropriate to weed out discrimination claims lacking merit), *overruled on other grounds, McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).

## II. UNCONTROVERTED FACTS

Defendant has established the following uncontroverted facts in accordance with D.Kan.Rule 56.1.

Plaintiff is a female. Defendant employed plaintiff from December 1979 through March 1995. At the time of her discharge, plaintiff's job title was collection manager.

In September 1992, defendant hired Janet Muse, a female, as the division collection manager. As division collection manager, Muse was plaintiff's immediate supervisor. Their respective positions required plaintiff and Muse to work closely together. While working together, plaintiff considered several incidents of Muse's conduct to be inappropriate. Specifically, plaintiff believed those incidents to be sexual in nature and that Muse was making unwanted sexual advancements towards her.

Sometime in 1992, plaintiff complained about Muse's conduct to Susan Ponessa, a human resource specialist in defendant's Human Resource Department. Plaintiff told Ponessa that she considered Muse's conduct towards her to be inappropriate. Plaintiff again complained of Muse's conduct in 1993. She told Cynthia Johnson, defendant's human resources manager, about an incident in which Muse had entered plaintiff's office with two buttons of her blouse undone and had partially exposed her breast as she leaned over plaintiff's desk.

Muse experienced problems in communicating with plaintiff during the entire time that she was plaintiff's supervisor. Muse's primary complaint was that plaintiff would not keep Muse informed about business issues arising in plaintiff's collection unit. Muse met with plaintiff on several occasions to discuss plaintiff's uncommunicative attitude. During those encounters, Muse would inform plaintiff that her unwillingness to communicate was affecting their working relationship and Muse's ability to manage the division's collections.

By early 1995, the relationship between plaintiff and Muse had deteriorated to the point that Muse decided she needed to have another meeting with plaintiff to discuss the problem. In March 1995, Muse informed defendant's human resource department that she planned to meet with plaintiff to discuss ways in which plaintiff could improve her job performance. Muse also requested that someone from the human resource department be present at the meeting. Defendant assigned Tim Donovan to attend the meeting.

Muse and Donovan met with plaintiff on March 16, 1995. Muse informed plaintiff that her persistent communication problems were affecting her job performance. Muse provided plaintiff with specific examples of her uncommunicative behavior. Muse also attempted to discuss ways in which plaintiff could improve her job performance.

Plaintiff became upset during the meeting. Plaintiff stated that the meeting was another example of Muse harassing plaintiff because plaintiff had spurned Muse's sexual advances. Plaintiff also asserted that she was afraid of Muse and that Muse's conduct towards plaintiff made it difficult for plaintiff to do her job.

At that point, Donovan ended the meeting and took plaintiff to his office to discuss her claims of sexual harassment. Plaintiff told Donovan that she considered Muse's physical touching of plaintiff and her invitations to socialize outside the office as sexual harassment. Plaintiff also claimed that she felt uncomfortable being alone with Muse and that she believed Muse was leering at her and watching her legs.

Following this meeting, Donovan met with Johnson and told her about the specific instances of Muse's conduct that plaintiff claimed were sexual harassment. After her conversation with Donovan, Johnson met with Muse concerning plaintiff's allegations. Johnson next informed the human resource department at defendant's home office in Illinois of the meeting between Muse and plaintiff. Johnson recommended that plaintiff be terminated. Representatives from defendant's home office concurred with Johnson's recommendation. Johnson then met with Pete Mooney, defendant's vice-president in charge of the Overland Park, Kansas division, to discuss plaintiff's employment. They decided to terminate plaintiff's employment. Johnson fired plaintiff the next day, March 17, 1995.

## III. DISCUSSION

■ Title VII prohibits an employer from discriminating against an employee based on that employee's opposition to any practice made unlawful under Title VII, i.e., asserting a charge of sexual harassment. 42 U.S.C. § 2000e–3(a). Plaintiff may prove her retaliatory discharge claim with direct evidence of defendant's retaliatory motive or intent, or, if she lacks direct evidence, she may use the *McDonnell Douglas/Burdine* shifting burdens framework. *See Berry v. Stevinson Chevrolet,* 74 F.3d 980, 985 (10th Cir.1996) (*McDonnell Douglas* burden-shifting approach also operates in Title VII retaliation actions); *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1381 (10th Cir.1994) (shifting burden analysis applied to retaliatory discharge claim); *Burrus v. United Tel. Co. of Kan., Inc.,* 683 F.2d 339, 343 (10th Cir.1982) ("general approach to Title VII suits set out in *McDonnell Douglas* and *Texas Dep't of Community Affairs* is also applicable to retaliation claims").

■ In responding to defendant's motion for summary judgment, plaintiff first argues that she has direct evidence of defendant's retaliatory motive or intent. Plaintiff contends that Muse's statements and actions during and after the meeting of March 16, 1995, prove that her discharge was the result of retaliation. The court does not believe that plaintiff's evidence satisfies the standard in the Tenth Circuit to bypass application of the *McDonnell Douglas* shifting burdens framework. *See Tomsic v. State Farm Mut. Auto. Ins. Co.,* 85 F.3d 1472, 1477 (10th Cir.1996) (in employment discrimination case, "[s]tatements which on their face are expressions of personal opinion ... can only support an inference of discrimination"). However, the court need not decide this issue at this time. As the court details below, plaintiff has established her *prima facie* case and has offered evidence that defendant's legitimate, non-retaliatory reasons for her discharge were pretextual. Consequently, under the *McDonnell Douglas/Burdine* shifting burdens framework, summary judgment is inappropriate.

■ To establish her *prima facie* case, plaintiff must show that (1) she participated in protected opposition to discrimination; (2) she suffered an adverse employment action after participating in the protected activity; and (3) there is a causal connection between her participation in a protected activity and the adverse employment action. *Griffith v. State of Colo., Div. of Youth Servs.,* 17 F.3d 1323, 1331 (10th Cir.1994); *Archuleta v. Colorado Dep't of Inst.,* 936 F.2d 483, 486 (10th Cir.1991). If plaintiff satisfies this initial burden, the burden shifts to defendant "to articulate a legitimate, non-retaliatory reason for the adverse action." *Burrus,* 683 F.2d at 343. Finally, if defendant carries its burden, the burden shifts back to plaintiff to prove that the reason defendant proffered "was a mere pretext for [retaliation]." *Id.*

■ Defendant asserts that plaintiff fails to satisfy the first and third elements of her *prima facie* case: i.e., that she participated in protected activity and that there is a causal connection between the alleged protected activity and plaintiff's termination. In determining whether plaintiff participated in a protected activity, "plaintiff need prove only a reasonable good faith belief that there was discrimination." *Henry v. Gehl Corp.,* 867 F.Supp. 960, 967 (D.Kan.1994) (citing *Mitchell v. Visser,* 529 F.Supp. 1034, 1044 (D.Kan.1981)). An informal complaint to management qualifies as a protected activity. *Phelps v. Sears Roebuck and Co.,* No. 90–4133, 1993 WL 523202, at *5 (10th Cir.1993).

In its memorandum and order of September 27, 1996, the court held that defendant was entitled to summary judgment on plaintiff's claim of sexual harassment. Defendant argues that the court's finding that plaintiff was not sexually harassed automatically defeats plaintiff's claim that she participated in a protected activity during the meeting of March 16, 1995. Defendant's argument is misplaced. As Judge Crow observed in *Fortner v. State of Kan.,* 934 F.Supp. 1252, 1266 (D.Kan.1996), "plaintiff's opposition is protected even if the plaintiff was not successful in prosecuting her original discrimination charge, and even if the defendant's practice did 'not actually violate Title VII.'" *Id.* (internal citations omitted).

A genuine issue of material fact remains concerning whether plaintiff engaged in protected activity during the meeting of March 16, 1995. The reasonableness of plaintiff's belief that legally cognizable sexual harassment had occurred rests on a determination of the weight and credibility given the evidence presented at trial. Consequently, it would be inappropriate for the court to decide this issue as a matter of law.

▮ Defendant also argues that no causal connection exists between plaintiff's claims of sexual harassment and her discharge. In establishing a causal connection, plaintiff may offer "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Burrus*, 683 F.2d at 343; *see also Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir.1996), *cert. denied* —— U.S. ——, 116 S.Ct. 2552, 135 L.Ed.2d 1071, (in FLSA retaliation claim, "protected conduct closely followed by adverse action may justify an inference of retaliatory motive") (citing *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 386 (10th Cir.1984)). Although it rejected unduly expanding the temporal proximity requirement, the *Marx* court held that this requirement should not be applied "too restrictively where the pattern of retaliatory conduct begins soon after the filing of the . . . complaint." *Id.*

▮ In arguing that plaintiff cannot demonstrate the required causal connection, defendant relies on plaintiff's complaints of sexual harassment made prior to the meeting of March 16, 1995. Specifically, on two separate occasions, plaintiff complained that she thought Muse's conduct towards her was sexual in nature, that she considered the conduct inappropriate, and that she was uncomfortable working with Muse. The complaints occurred two and a half years before the meeting of March 16, 1995. Because plaintiff's first complaints of sexual harassment and her discharge lack close temporal proximity, defendant asserts that no causal connection exists between plaintiff's protected activity and the adverse employment action.

The court finds that plaintiff has satisfied the required causal connection between the protected activity and the adverse action.

Whether plaintiff engaged in protected activity during the meeting of March 16, 1995, or in her complaints prior to that meeting, is a question of fact. If plaintiff engaged in protected activity during the meeting of March 16, 1995, then a reasonable juror could infer retaliatory animus based on the close temporal proximity between her allegations of harassment and her discharge one day later. The court concludes that plaintiff has established a *prima facie* case of retaliation.

▮ The parties do not dispute that defendant has articulated a legitimate, non-retaliatory reason for plaintiff's discharge, i.e., that plaintiff could not communicate or work with her supervisor. However, plaintiff advances that defendant's articulated reasons for her discharge are merely a pretext for its retaliatory animus.

In responding to a motion for summary judgment, it is unnecessary for plaintiff to present evidence sufficient to determine defendant's true intent. Rather, plaintiff need only present evidence demonstrating that defendant's proffered non-retaliatory reason is unworthy of belief. *Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir.1995).

Plaintiff's evidence of pretext includes: Muse's testimony that she contemplated no disciplinary action against plaintiff prior to the meeting of March 16, 1995; evidence that Muse threatened to talk to defendant's human resource personnel about plaintiff's "false" accusations; and evidence that Muse had a conversation with defendant's human resource manager following the meeting of March 16, 1995, in which she discussed plaintiff's claims of sexual harassment, and stated that either she or plaintiff had to go.

The court concludes that plaintiff has proffered sufficient evidence to raise a question of fact concerning whether defendant's proffered reasons for plaintiff's discharge were pretextual. The court denies defendant's request for summary judgment on plaintiff's claim of retaliatory discharge.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion (Doc. 34) for summary judgment is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**