UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 12/31/96**

RONALD W. DECKERT,

      Plaintiff-Appellant,

v.

THE CITY OF ULYSSES, KANSAS; and
LONNIE LEE,

      Defendant-Appellee.

No. 95-3328
(D.C. No. 93-1295-PFK)
(District of Kansas)

**ORDER AND JUDGMENT**[1]

Before **PORFILIO**, **BARRETT**, and **EBEL**, Circuit Judges.

Plaintiff Ronald Deckert appeals the district court's award of summary judgment in favor of defendant, City of Ulysses, Kansas, on his Americans with Disabilities Act (ADA) claim and § 1983 claim. We affirm.

---

[1]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Deckert is an insulin-dependent diabetic who served as a police officer for the City of Ulysses from 1976 until January 8, 1993. His employment problems began on September 5, 1992, when he left his patrol car unlocked, unattended, and running while responding to a disturbance call on a loud party. During that time, someone took Mr. Deckert's patrol car and parked it a block away. Also on September 5, Mr. Deckert failed to write a required report on a domestic violence call, failed to provide backup for a building search by two other officers, and failed to lock his patrol car at the end of his shift. On the basis of these deficiencies and his inadequate investigation of a tire theft two months earlier, Chief of Police Lonnie Lee suspended Mr. Deckert for five days without pay, demoted him from sergeant, and required him to undergo a medical exam to determine if his suddenly poor duty performance was caused by diabetes. As of September 10, Mr. Deckert was suspended with pay until the exam was completed.

On October 5 and 22, 1992, Dr. Michael Jackson examined Mr. Deckert, concluding that diabetes was not responsible for his performance deficiencies. After reviewing Dr. Jackson's report and consulting with counsel, Chief Lee revised Mr. Deckert's punishment on November 9, allowing him to wear his sergeant stripes despite the demotion in pay and responsibility, but requiring him to have Dr. Jackson certify that he was physically able to perform his job. Mr. Deckert filed a grievance with the City the following day. The City's grievance committee concluded that Chief Lee had just cause to charge Mr. Deckert with poor performance and that he had correctly sought medical

advice on Mr. Deckert's condition.  Still, the committee limited the discipline imposed on Mr. Deckert, allowing him to retain both his rank and current pay status.  Mr. Deckert returned to work on November 24.

On December 11, 1992, Mr. Deckert's car collided with the rear of another vehicle while he was on patrol.  At that time, Mr. Deckert decided not to report the accident because no physical injuries or property damage resulted.  The other driver, however, complained about the accident to the City.  This individual, Jim Walters, gave a written statement to Chief Lee a few days later, in which he recalled seeing Mr. Deckert turn his head while approaching him at a red light.  On January 3, 1993, Chief Lee confronted Mr. Deckert about the December 11 car accident and Mr. Walters' statement, instructing him to write a report on the incident.  Mr. Deckert did so on January 6, stating that his foot was wet and slipped off the brake pedal.  Chief Lee nevertheless concluded that Mr. Deckert had been driving inattentively on December 11 and asked him to resign.  When Mr. Deckert refused, Chief Lee fired him.  Mr. Deckert then requested another grievance hearing, which upheld the termination.

In his first claim on appeal, Mr. Deckert argues that the district court erred in holding he was not disabled within the meaning of the ADA.  Mr. Deckert contends this holding is erroneous because the EEOC's interpretive guidelines treat insulin-dependent diabetes as a disability per se and because the City regarded him as being disabled.[2]

---

[2]Under the ADA, an individual is disabled if he or she: (1) has an impairment that
(continued...)

Having established that he is entitled to ADA protection, Mr. Deckert also argues the district court erroneously awarded summary judgment on the merits of his ADA claim. In support of this contention, Mr. Deckert alleges the City discriminated against him because he is a diabetic in numerous ways, culminating in its decision to fire him.

The district court considering Mr. Deckert's ADA claim first held he was not disabled under that statute because diabetes did not "substantially limit" a major life activity as required by 42 U.S.C. § 12102(2). The court also held summary judgment was proper on the merits of Mr. Deckert's ADA claim because he failed to present any evidence that the City discriminated against him on the basis of his diabetes. We review the district court's award of summary judgment de novo. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 527 (10th Cir. 1994). Under de novo review, we must affirm the district court's award of summary judgment if, viewing the record in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). If the non-moving party's allegations are supported by evidence that is "merely colorable" or "not significantly probative," summary judgment is proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

---

[2](...continued)
"substantially limits" one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2).

Applying de novo review, we affirm the district court's award of summary judgment on Mr. Deckert's ADA claim. Assuming, without deciding, Mr. Deckert is a "qualified individual with a disability" under § 12102(2) of the ADA, he nevertheless failed to produce any probative evidence that the City fired him or otherwise discriminated against him because of his diabetes, rather than his poor job performance. Although the City did require Mr. Deckert to undergo a medical exam because he has diabetes, it did not violate the ADA by doing so. Section 12112(d)(4)(A) allows an employer to require a medical exam when it is job-related and consistent with business necessity. *Id.* As interpreted by the EEOC, this section authorizes such an exam "[w]hen an employee is having difficulty performing his or her job effectively." Technical Assistance Manual to 29 C.F.R. § 1630.14(c). Given Mr. Deckert's poor performance on September 5, 1992, we believe the City's actions in this instance are consistent with both the ADA and sound management principles. Thus, the district court's award of summary judgment on this claim was proper.

In his second claim on appeal, Mr. Deckert disputes the district court's award of summary judgment on his § 1983 claim. First, Mr. Deckert argues the district court erroneously failed to recognize his property right in continued employment with the City. Mr. Deckert contends that under certain City ordinances, he was entitled to continued employment as a City police officer until removed by the city council for cause. Next, Mr. Deckert argues the City denied him due process by discharging him without cause

and providing a constitutionally deficient post-termination grievance hearing.[3]  Mr. Deckert contends the hearing did not constitute due process because he was not allowed to cross-examine witnesses or have his attorney present, and because the grievance committee failed to objectively consider his claim.

The district court considering Mr. Deckert's § 1983 claim denied he had a property interest in continued employment as a police officer but held that in any event, the City properly discharged Mr. Deckert for cause and afforded him adequate pre- and post-termination procedural due process.  Again, we review the district court's award of summary judgment de novo.  *Cone*, 14 F.3d at 527.

Applying de novo review, we affirm the district court's award of summary judgment on Mr. Deckert's § 1983 claim.  Assuming, without deciding, Mr. Deckert had a property right in his position with the City, we hold his conduct on September 5 and December 11, 1992, provided ample basis for the City to discharge him for cause.[4]  We also conclude Mr. Deckert's procedural due process claim is without merit.  In his

---

[3]On appeal, Mr. Deckert also contends that the City denied him due process by discharging him without a majority vote of the city council.  Although we do not rule on this issue because it was not argued as a due process violation in the district court, we note that the Due Process Clause does not mandate the use of any particular procedure, regardless of state law.  *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1117 (10th Cir. 1991).

[4]The parties spend a great deal of time arguing over which employment manual, the 1985 or 1992 version, should apply to Mr. Deckert's discharge.  We decline to decide this issue, given our view that Mr. Deckert's conduct constituted cause under either version.

deposition testimony, Mr. Deckert's attorney admitted making a "joint decision" with his client to not accompany him to the post-termination grievance hearing. That being the case, Mr. Deckert cannot now complain about his attorney's absence there. Similarly, Mr. Deckert is unpersuasive in arguing his post-termination grievance hearing was constitutionally deficient because he was not allowed to cross-examine witnesses. The right of cross-examination is not "universally applicable to all hearings," *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974), but "depends on the significance and nature of the factual disputes at issue." *West v. Grand County*, 967 F.2d 362, 369 (10th Cir. 1992). Because the essential facts surrounding Mr. Deckert's discharge were not in dispute, we believe the City did not deny him due process by refusing to allow him to cross-examine witnesses.

Finally, we see no basis for concluding, as argued by Mr. Deckert, that the City's grievance committee failed to objectively consider his claim. Administrative tribunals are presumed to act with honesty and integrity, unless some "substantial countervailing reason" can be shown to conclude otherwise. *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 746 (10th Cir. 1991). Mr. Deckert made no such showing in this case. We therefore conclude the district court's award of summary judgment on Mr. Deckert's § 1983 claim was proper and **AFFIRM** both holdings.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge