Sharon G. CONE, Plaintiff–Appellant,

v.

LONGMONT UNITED HOSPITAL AS-
SOCIATION, a Colorado Corpora-
tion, Defendant–Appellee.

No. 92–1349.

United States Court of Appeals,
Tenth Circuit.

Jan. 20, 1994.

Darold W. Killmer (Gilbert M. Roman with him on the brief), of Feiger, Collison & Killmer, Denver, CO, for plaintiff-appellant.

Brett Marshall Godfrey of Gallo & Godfrey, Denver, CO, for defendant-appellee.

Before BRORBY, HOLLOWAY and KELLY, Circuit Judges.

BRORBY, Circuit Judge.

Sharon Cone appeals the district court's order granting summary judgment in favor of the defendant, Longmont United Hospital, 797 F.Supp. 868. Alleging she suffered age discrimination because of disparate treatment under Longmont United Hospital's leave of absence policy, Ms. Cone brought this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621–631. We exercise jurisdiction pursuant to 28 U.S.C.A. § 1291 and affirm.

When reviewing the district court's ruling on a summary judgment motion, we review the motion de novo. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). We must decide

whether any genuine issues of material fact are in dispute and, if not, whether the law was correctly applied. We must look at the record in the light most favorable to the party opposing summary judgment, in this case Ms. Cone. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991). Summary judgment is only appropriate if the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

We review a summary judgment fully and may affirm on grounds other than those relied on by the district court when the record contains an adequate and independent basis for that result. *Swoboda v. Dubach*, 992 F.2d 286, 291 (10th Cir.1993). We are not limited to the district court's reasoning in affirming a grant of summary judgment.

The ultimate question is whether Ms. Cone's evidence established an inference the hospital discriminated on the basis of age. If she failed to make out a prima facie case, she cannot avoid summary judgment. In addition, because the hospital's evidence asserted a nondiscriminatory basis for the termination, she must present evidence to create controversy on whether that reason is pretextual.

Ms. Cone has failed to meet this burden. The basic flaw of Ms. Cone's case is she never showed the availability of a suitable job with the hospital. She also failed to show that age was a factor in Longmont United Hospital's decision to apply its leave of absence policy. Since she did not produce specific evidence to create an issue of material fact, there is no reason for the case to go on to trial. Accordingly, Longmont United Hospital is entitled to summary judgment as a matter of law.

### BACKGROUND

Sharon Cone had been an employee of Longmont United Hospital for twenty-two years. Although hired in an entry-level position, she worked her way up to her final position of Director of Customer Services. In the fall of 1988, she was forty-six years old.

On September 19, 1988, Ms. Cone requested a leave of absence until February 6, 1989. She made this request by slipping a note under the door of the personnel director, Harry Nevling, after business hours. Attached to her request was a short note from a doctor saying she needed a medical leave of absence. Despite failing to make this request in person, the hospital granted her request for a leave of absence under hospital policy.

Hospital policy allows employees up to one year away from work as a leave of absence. According to the policy, the hospital will try to reinstate the employee if the employee requests a return to work before the year ends. Employees who fail to return to work before a year has expired will be terminated automatically.

When Ms. Cone requested a leave of absence, her supervisor told her the hospital could not hold her position open for her and that they would seek an immediate replacement. Ms. Cone acknowledges the hospital could not leave her position as Director of Customer Services vacant during her absence and that she understood that they would be hiring a replacement. Within two months of her initial request, the hospital hired a new director to replace her.

On February 6, 1989, Ms. Cone requested an extension of her leave of absence until June 6, 1989. Again, Ms. Cone made this request by slipping a note under Mr. Nevling's door when he was not in his office. The hospital granted this extension.

By June 1989, Ms. Cone contacted Mr. Nevling and informed him she wanted to return to work. At that time, she said to him, "I want[ ] my position back, or something substantially similar." Mr. Nevling informed her that her position had been filled and there were no positions available that were substantially similar. However, he told her to check the hospital job-listing board and apply for any job she wanted.

Ms. Cone claims the hospital deliberately stalled her until her one-year leave of absence time had expired, forcing the automatic termination. She admits, however, that only twice did she check the hospital's job-listing

board, on which all jobs are posted, and both times found there were no jobs suitable for her. The record shows and Ms. Cone admits the hospital had no available jobs substantially similar to the position Ms. Cone left. She also says she never applied for any jobs at the hospital during her one-year leave of absence. Ms. Cone has not shown any evidence demonstrating that the hospital deliberately stalled her and caused her to be terminated.

On October 2, 1989, Mr. Nevling sent a letter to Ms. Cone informing her that the one-year leave of absence had expired and she was no longer an employee of the hospital. In this letter, he stated that, according to hospital policy, she had been released from employment effective September 19, 1989.

After her termination, Ms. Cone initiated an age discrimination suit against the hospital. She claims her employment with Longmont United Hospital was unlawfully terminated because of her age. The hospital moved for summary judgment on the grounds that Ms. Cone voluntarily left her position with the hospital and was not subject to any adverse action by the hospital. The district judge granted the motion for summary judgment on the ground that the hospital had not discharged Ms. Cone under the terms of the ADEA.

### DISCUSSION

Since Ms. Cone brought a disparate treatment case pursuant to the ADEA, the district court applied the *McDonnell Douglas* burden-shifting analysis. After carefully reviewing the record, the district court decided the hospital's conduct did not amount to a "discharge" of Ms. Cone under the ADEA, and therefore, she could not establish a prima facie case. Ms. Cone appeals, challenging the district court's dismissal on those grounds. We need not address whether an employer's application of policy can be a "discharge" because we affirm the district court's order on other grounds.

█ The Tenth Circuit uses the three-stage analysis outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93

S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981), to prove discrimination when no direct evidence of age discrimination exists. *Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1547 (10th Cir.1988). At the first stage, the plaintiff must prove a prima facie case of discrimination. She must show that (1) she is "within the protected age group"; (2) she "was doing satisfactory work"; (3) she "was discharged"; and (4) her position was filled by a younger person. *Denison v. Swaco Geolograph Co.,* 941 F.2d 1416, 1420 (10th Cir. 1991) (quoting *Lucas v. Dover Corp.,* 857 F.2d 1397, 1400 (10th Cir.1988)).

█ If the plaintiff satisfies the prima facie requirements under the ADEA, then the case enters the next stage. In this second stage, the burden of production moves to the defendant. The defendant has to present a legitimate nondiscriminatory reason for its action. If the defendant articulates a legitimate, nondiscriminatory reason for its action, then the burden of persuasion moves back to the plaintiff. In this third stage of the discrimination analysis, the plaintiff must show that age was a determinative factor in the defendant's employment decision, or show that the defendant's explanation for its action was merely pretext. *See Faulkner v. Super Valu Stores, Inc.,* 3 F.3d 1419, 1424–25 (10th Cir.1993). Failure to come forward with evidence of pretext will entitle the defendant to judgment. *See Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095; *Denison,* 941 F.2d at 1421 (evidence of pretext "is crucial in an ADEA case").

█ "Discharge" by an employer is an essential statutory element of the prima facie case. The Age Discrimination in Employment Act states that,

> [i]t shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual ... because of such individual's age.

29 U.S.C.A. § 623(a)(1). Our precedent, while noting the discharge requirement, has

not explicitly defined discharge.[1] Because of the unusual facts of this case, we decline to resolve whether Ms. Cone was discharged.

Ms. Cone created the condition that lead to her automatic termination as an employee of the hospital. She knew that her position as Director of Consumer Services would be filled, but she took the leave of absence anyway. She voluntarily left knowing that it was a risk whether a "substantially similar" position would be available when she wanted to return to work. In fact, she does not claim such a similar position was available. She does not claim the hospital hid available jobs from her in any way. No evidence has been presented that the hospital took steps to block her return to work. Instead, she acknowledges that none of the available positions were what she wanted.

■ Assuming Ms. Cone has established a prima facie case[2] based on the hospital's discharge, she still cannot meet her burden of discrediting the employer's legitimate reason for terminating her. We need not decide that the hospital's proffered reason—expiration of one year under the hospital's leave of absence policy—is credible or sufficient. *Burdine*, 450 U.S. at 254–55, 260, 101 S.Ct. at 1094–95, 1097. The employer's burden is simply to demonstrate a legitimate, nondiscriminatory reason for its actions. *Id.* at 260. The defendant having done so, the plaintiff must present enough evidence to support an inference that the employer's reason was merely pretext, by showing either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Id.* at 256, 101 S.Ct. at 1095; *MacDonald v. Eastern Wyoming Mental Health Ctr.*, 941 F.2d 1115, 1121–22 (10th Cir.1991). Ms. Cone has failed to meet her burden.

■ Ms. Cone has not created a genuine issue concerning the sincerity of the proffered reasons for her termination. Although summary judgment is not ordinarily appropriate for settling issues of intent or motivation, *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1393, n. 12 (10th Cir.1988); *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1309 (10th Cir.1980), all of Ms. Cone's evidence together is insufficient to raise doubts about the hospital's motivation. To defeat a summary judgment motion, she would have to simply point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence. *MacDonald*, 941 F.2d at 1121–22. Even though all doubts must be resolved in Ms. Cone's favor, allegations alone will not defeat summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

Ms. Cone argues that she presented evidence to the district court demonstrating discrimination: (1) ageist comments made by officers of the hospital and (2) statistics. She argues, therefore, that the issue must go to the jury. We disagree, the question is not whether Ms. Cone has actually proven pretext but rather, has she raised a genuine issue of fact regarding pretext. *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. The evidence presented by Ms. Cone does not rise to the level of supporting an inference of discrimination as she so purports.

*Ageist Comments*

Ms. Cone claims the district court erred by not considering discriminatory comments made by the management at Longmont United Hospital. She claims that the comments are sufficient to show discrimination.

---

1. However, in reviewing Tenth Circuit case law, we find that discharge does include firings and constructive discharges. *See, e.g., Krause v. Dresser Indus., Inc.*, 910 F.2d 674 (10th Cir.1990) (discharge as an express termination); *Acrey v. American Sheep Indus. Ass'n*, 981 F.2d 1569 (10th Cir.1992) (discharge found through constructive discharge).

2. Even though the issue of "discharge" is problematic in Ms. Cone's case, the elements of the prima facie discrimination case are flexible and are not to be applied rigidly. *Schwager v. Sun Oil Co.*, 591 F.2d 58, 61 n. 1 (10th Cir.1979); *see also Burdine*, 450 U.S. at 253 n. 6, 101 S.Ct. at 1093 n. 6; *McDonnell Douglas*, 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13. It is appropriate for us to continue with the burden shifting analysis and resolve this case on another prong of the test.

■ The ageist comments highlighted by Ms. Cone include statements by Mr. Huey, Chief Executive Officer at Longmont United Hospital, and Mr. Nevling, Personnel Director. First, Mr. Huey said that two women over forty-years old and fired before Ms. Cone's leave of absence were terminated because the hospital "need[s] some new young blood." Second, Mr. Huey stated during a meeting in May of 1986 that "long-term employees have a diminishing return." Third, one employee heard Mr. Nevling also say that "long-term employees have a diminishing return." Since a summary judgment decision is under review, we will assume that indeed Mr. Huey and Mr. Nevling made these comments in the contexts asserted by Ms. Cone. Nonetheless, these statements are insufficient to show the hospital was motivated by discriminatory reasons.

■ These statements are best characterized as stray remarks. As such they are insufficient to create a jury issue in an ADEA case.[3] "Age-related comments referring directly to the worker may support an inference of age discrimination.... However, ... isolated [or] ambiguous comments ' "are too abstract ... to support a finding of age discrimination." ' " *Phelps v. Yale Sec., Inc.,* 986 F.2d 1020, 1025 (6th Cir.) (internal quotations omitted) (the comment that plaintiff's fifty-fifth birthday was a cause for concern "was too ambiguous to establish the necessary inference of discrimination," *id.* at 1026), *cert. denied,* —— U.S. ——, 114 S.Ct. 175, 126 L.Ed.2d 135 (1993); *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1265 (7th Cir.1993) (in a Title VII case, the supervisor's occasional comments that the Korean–American employee should "learn to speak English" was insufficient to show discrimination). Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions. *Leichihman v. Pickwick Int'l,* 814 F.2d 1263, 1271 (8th Cir.) (relying on *Morales v. Dain, Kalman & Quail, Inc.,* 467 F.Supp. 1031 (D.Minn.1979)), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). Ms. Cone must demonstrate a nexus

exists between these allegedly discriminatory statements and the hospital's decision to terminate her. *E.E.O.C. v. Clay Printing Co.,* 955 F.2d 936, 942 (4th Cir.1992) (ADEA case); *see Figures v. Board of Pub. Utils.,* 967 F.2d 357, 360–61 (10th Cir.1992) (in a Title VII case, evidence of racial comments is not probative of any issue in the case unless it is linked to relevant personnel actions). Ms. Cone has not demonstrated a nexus between these comments and her automatic termination.

We have no evidence that Mr. Huey participated in Ms. Cone's automatic termination, and age-related comments by non-decisionmakers are not material in showing the hospital's action was based on age discrimination. Ms. Cone claims that Mr. Huey said, "long-term employees have a diminishing return" in a May 1986 meeting, but she gives no information on the topic of the meeting. She has not given enough information for the court to understand the context or broaden the inference of this comment. Also, May of 1986 was before the hospital promoted Ms. Cone to the position of Director of Customer Service at age forty-four, an act inconsistent with a general bias against workers over forty.

Although Mr. Nevling, who was involved in Ms. Cone's termination, allegedly said that "long-term employees have a diminishing return," no evidence has been presented to show a connection between this phrase and a discriminatory motive in terminating Ms. Cone. The statement could apply equally to employees under age forty. It appears to be directed at length of tenure, not age. *Cf. Clay Printing,* 955 F.2d at 942. Even if it were discriminatory, Ms. Cone does not claim that Mr. Nevling said this about her. This statement alone is insufficient to show that age could have been a determinative factor in the hospital's decision to apply its leave of absence policy to Ms. Cone.

These allegedly discriminatory statements in the contexts presented do not support an inference that the application of the policy to Ms. Cone was motivated by illegal age bias. Ms. Cone needs to show some correlation

---

**3.** Although there is no Tenth Circuit case directly on point, we are comfortable adopting the approach taken by other circuits in disparate treatment cases.

between the comments and the act. Her evidence does not show the comments were directed toward her, her position, or the automatic termination policy. The context is unrelated; there is no nexus. Casual comments do not necessarily create a case of age discrimination.

### Statistics

Ms. Cone argues on appeal the district court erred in refusing to consider her statistical evidence. She states that her statistics reveal that Longmont United Hospital applied its leave of absence policy to workers over forty but systematically failed to apply it to younger employees. Her statistics, she claims, demonstrate purposeful discrimination through selective enforcement of the policy.

■ Ms. Cone presented evidence of all leaves of absence taken by employees of Longmont United Hospital between January 1987 and January 1989. During the two-year period, thirteen employees took a leave of absence for one full year. Of these thirteen people, only three were placed in their jobs again. These three employees were all under the age of forty. Of the ten people terminated, only three were over forty. This evidence is insufficient to show discrimination based on age.

The Tenth Circuit has "recognized that statistical data showing an employer's pattern of conduct toward a protected class can create an inference that an employer discriminated against individual members of the class." *Fallis v. Kerr–McGee Corp.,* 944 F.2d 743, 746 (10th Cir.1991). However, Ms. Cone's statistics do not demonstrate discrimination, and therefore are "insufficient to raise a jury question on the ultimate question of age discrimination." *Id.*

The record does not show there were any procedural irregularities in the way Ms. Cone's automatic termination was handled. Ms. Cone's sample does not enable a factfinder, without further information, to make reliable findings about the application of the hospital policy. Ms. Cone relies on the case of *Mohammed v. Callaway,* 698 F.2d 395 (10th Cir.1983), to claim that the hospital has

been administering its policy on automatic terminations in a discriminatory manner. We do not read *Mohammed* to apply here. In *Mohammed* this Court discussed pattern and practice evidence as part of the third stage of the *McDonnell Douglas* analysis to show that the plaintiff was a victim of intentional discrimination. The Tenth Circuit stated that evidence relevant to showing discrimination may include "disturbing procedural irregularities." *Mohammed,* 698 F.2d at 399. However, Ms. Cone has not shown disturbing procedural irregularities. If she had, she may have been able to demonstrate discrimination.

Ms. Cone's statistics do not demonstrate a significant disparity in the treatment of younger workers. Also, her statistics are inappropriate for such an illustration because they are not based upon a comparative analysis of similarly situated individuals. *See Ste. Marie v. Eastern R.R. Ass'n,* 650 F.2d 395, 400–01 (2d Cir.1981) (should not lump unrelated jobs together in analyzing the treatment of women in the sex discrimination class action). "[A] plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between *comparable* individuals." *Fallis,* 944 F.2d at 746 (emphasis in original). Ms. Cone's sample does not compare comparable individuals.

■ To make a comparison demonstrating discrimination, the plaintiff must show that the employees were similarly situated. It is undisputed that Ms. Cone was told, when her leave was approved that her position would be immediately filled. It is undisputed that her position was filled and that there was no substantially similar position open. Disparate treatment cannot be shown by comparing the application of the policy to employees who are not similarly situated. The employees would be similarly situated if they all worked in similar positions, all were told their positions would not be held open and would be immediately filled, all were equally eager to return to work at the end of their leaves of absence, all had similar job performances without differentiating or mitigating circumstances, and if "substantially

similar" jobs were equally available to the returning employees at the end of their leaves.

Ms. Cone presented no evidence to establish that the three employees who were rehired were similarly situated to her. Instead, the three young employees, ages 27, 29 and 37, who returned to work after a one-year leave of absence, were all nurses for the hospital, while Ms. Cone was the Director of Customer Services. Of the three employees over forty who were not rehired, one was Ms. Cone, age forty-seven, and the other two were a patient care manager, age forty-six, and a staff nurse, age forty-eight. No evidence is presented showing the younger employees were told their jobs would be filled immediately when they took a leave of absence. Nor was evidence presented on the similarity of availability of "substantially similar" jobs for any of the leave-takers upon their requests to return to work. Of the seven younger employees who were not rehired, one was a unit secretary, four were staff nurses, one was a pharmacist, and one was an office coordinator. Without comparisons controlling for occupational dissimilarity and for similarity in available openings at the end of the leave of absence, Ms. Cone cannot demonstrate a pattern of discrimination based on these statistics. Ms. Cone's sample simply does not demonstrate discrimination.

## CONCLUSION

We need not resolve whether Ms. Cone presented a prima facie case of discriminatory treatment, because she did not raise an inference that Longmont United Hospital's articulated nondiscriminatory explanation for her automatic termination was pretextual or that age discrimination was a determinative factor in the termination. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgement may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (internal citations omitted); *accord Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1361 (10th Cir.1993).

On a motion for summary judgment we cannot evaluate credibility nor can we weigh evidence. However, in order to establish a cause of action under the ADEA, Ms. Cone must demonstrate that but for Longmont United Hospital's age discrimination, she would not have been discharged. As Justice Holmes once said, "This is not a matter for polite presumptions; we must look facts in the face." *Frank v. Mangum,* 237 U.S. 309, 349, 35 S.Ct. 582, 595, 59 L.Ed. 969 (1915). Ms. Cone has not presented sufficient evidence to support the inference that the hospital was motivated by age discrimination. Thus, summary judgment for the hospital is appropriate.

After carefully reviewing the entire record in the light most favorable to Ms. Cone, we conclude that Ms. Cone fails to state a claim for relief under the ADEA. For this reason, we **AFFIRM** the district court order.