25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James D. HENDRICKSON, Plaintiff-Appellant,
v.
UNISYS CORPORATION, Defendant-Appellee.
 No. 93-4084.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and SETH, Circuit Judges, and OWEN, District Judge.[2]
 
 
 2
 Mr. Hendrickson appeals from the district court's grant of summary judgment in favor of Unisys in his action under the Age Discrimination in Employment Act of 1967 (ADEA). We have jurisdiction under 28 U.S.C. 1291 and we affirm.
 
 
 3
 The parties are familiar with the facts and issues presented by this appeal and we will not restate them here. Briefly, Mr. Hendrickson was terminated along with the rest of his subgroup as part of a reduction in force. Mr. Hendrickson sued Unisys under the ADEA and pled a prima facie case under McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Unisys offered evidence rebutting the presumption of discrimination under McDonnell-Douglas by providing business reasons for Mr. Hendrickson's termination. The district court granted summary judgment, reasoning that Mr. Hendrickson had come forward with no evidence that Unisys' reasons were pretextual.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same standard as the district court. MacDonald v. Eastern Wyoming Mental Health Ctr., 941 F.2d 1115, 1117 (10th Cir.1991). Summary judgment is appropriate if "there is no genuine issue to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); MacDonald, 941 F.2d at 1117.
 
 
 5
 In an employment discrimination action, if a defendant meets its burden of production under McDonnell-Douglas and moves for summary judgment, plaintiff must come forward with evidence that a genuine issue exists as to the pretextual nature of defendant's reasons for plaintiff's dismissal. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); Cone v. Longmont Hospital Assoc., 14 F.3d 526, 529-30 (10th Cir.1994). Here, after Hendrickson pled a prima facie case, Unisys produced evidence of valid, nondiscriminatory business reasons for Mr. Hendrickson's dismissal and moved for summary judgment. Mr. Hendrickson offered testimonial evidence raising only an issue as to the correctness of his classification within the work subgroup at issue. Granted, it was because Mr. Hendrickson was part of this subgroup that he was terminated, but the issue is not material because a company's mistake in classifying its workers, without more, does not amount to intentional discrimination. Absent any evidence challenging the validity of Unisys' legitimate business reasons for Mr. Hendrickson's dismissal, the district court was correct in granting summary judgment. See Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1416-18 (10th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The Honorable Richard Owen, Senior United States District Judge for the Southern District of New York, sitting by designation