**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

INELLA REDMOND,
Plaintiff-Appellant,

v.

AVALON INDUSTRIES, INCORPORATED,

No. 97-1207

Defendant-Appellee,

BALTIMORE COMMUNITY RELATIONS
COMMISSION,
Party-in-interest.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-95-1343-K)

Submitted: October 21, 1997

Decided: November 17, 1997

Before HALL and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Herman, WILLIAM G. KOLODNER, P.A., Baltimore,
Maryland, for Appellant. Carl R. Gold, Maureen Walsh David, Tow-
son, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Inella Redmond appeals from the district court order granting summary judgment in favor of the Defendant, Avalon, on her claim of employment discrimination in violation of the Age Discrimination in Employment Act. We affirm.

We note initially, as did the district court, that Redmond appears to be advancing two separate theories or incidents of age discrimination: (1) that she was denied the position for which she applied on the basis of her age; and (2) that she was denied the opportunity to compete for later available positions on the basis of her age. As to her first claim, we agree with the district court's determination that Redmond cannot establish a prima facie case of age discrimination because the position for which she was applying was no longer open as of the date of her application. Turning to her second claim, we also agree with the district court's determination that Redmond cannot establish a prima facie case because she is unable to demonstrate that she meets the employer's job qualifications--recent commercial or factory sewing experience--or that anyone who was hired for the position of stitcher did not at the very least come closer to achieving these qualifications than she did.

While Redmond offers a statement made by one of Avalon's representatives to the effect that Redmond was older than the candidate Avalon was looking for, Redmond states that this comment was made by an individual named Jackie. The only Jackie present at Avalon at the time Redmond visited to tender her application was a receptionist who had no impact in the decision-making process. In fact, the only individual responsible for making hiring decisions at that time was out of the office. Although this representative arranged for someone else to meet with Redmond in his absence, it is uncontroverted that this individual did not have hiring authority at the time in question.

2

We thus find there to be an insufficient nexus between the statement and the decision-making process. See EEOC v. Clay Printing Co., 955 F.2d 936, 942 (4th Cir. 1992) (explaining nexus requirement); see also Tomsic v. State Farm Mut. Auto. Ins. Co., 85 F.3d 1472, 1479 (10th Cir. 1996) (suggesting that remark must be made by someone with role in the decisional process); Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (stating that age-related comments made by non-decision-makers are not material in showing action was based on age discrimination). Finally, we note that Avalon's employee data reveals that they have several employees of an age covered by the ADEA. Among these, one employee is in her seventies (as was Redmond), another was in his sixties, and two more were in their fifties. Given the entirety of this information, we agree that even if Redmond could establish a prima facie case, she could not carry the burden of overcoming Avalon's legitimate nondiscriminatory reason and establishing that its failure to hire her was the result of unlawful age discrimination. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED