**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOPHIE MOGHADASSI,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA
DEPARTMENT OF
ENVIRONMENTAL QUALITY;
MARK S. COLEMAN, in his official
capacity as Executive Director, State of
Oklahoma Department of Environmental
Quality; H. A. CAVES, in his official
capacity, State of Oklahoma Department
of Environmental Quality; DON
BARRETT, in his official capacity, State
of Oklahoma Department of
Environmental Quality and in his
individual or personal capacity; BRUCE
LUCAS, in his official capacity, State of
Oklahoma Department of Environmental
Quality and in his individual or personal
capacity,

      Defendants-Appellees.

No. 99-6273
(D.C. No. CIV-98-0535-T)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK**, Circuit Judge, **McWILLIAMS**, Circuit Judge, and **SHADUR**[**], District Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. (Oral argument was not requested by any party.)

On April 15, 1998, Sophie Moghadassi ("plaintiff"), brought suit in the United States District Court for the Western District of Oklahoma against the State of Oklahoma Department of Environmental Quality ("Department"), Mark S. Coleman ("Coleman"), in his official capacity as Executive Director of the Department, H. A. Caves ("Caves"), in his official capacity within the Department, Don Barrett ("Barrett"), in his official capacity within the Department, and individually, and Bruce Lucas ("Lucas"), in his official capacity within the Department, and individually. The action was based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. §§ 1981 and 1983.

In her complaint, plaintiff, a female, identifies her race as being Middle-Eastern and her national origin as being Iranian. From the complaint we learn that plaintiff was hired by the Department on or about December 16, 1996, as a Senior Environmental

_____

[**]Honorable Milton I. Shadur, District Judge, United States District Court, Northern District of Illinois, sitting by designation.

- 2 -

Engineer. She went on to allege that during the course of her employment by the Department, she was treated "differently and less favorably" by her immediate supervisor, Lucas, because of her race, nationality, and gender, as well as by her second-line supervisor, Barrett, also because of her race, national origin, and gender, and that she was eventually terminated on August 6, 1997, when her extended probationary period was about to expire.[1]  For a first cause of action, plaintiff alleged that the Department, Barrett and Lucas violated Title VII by treating her differently and less favorably, and subjecting her to derogatory remarks concerning her race and nationality, and that the defendants extended her probationary period and eventually terminated her employment, because of her race, gender and national origin.  A second count, based on 42 U.S.C. § 1981, was directed at the Department, Coleman, Caves, Barrett and Lucas, and was also based on different and less favorable treatment, extension of her probationary period and eventual termination of her employment because of race and national origin. The third and last count, based on 42 U.S.C. § 1983, was also directed at the Department, Coleman, Caves, Barrett and Lucas, and was again based on different and less favorable treatment, extension of her probationary period and eventual termination of her employment because of  race, gender and national origin.  Plaintiff sought a permanent injunction, reinstatement, back pay, prejudgment interest, and compensation for all past and future

[1]After plaintiff's termination, she was retained on the list of eligible engineers, and was later interviewed by the Department, but was not re-offered a position with the Department.

pecuniary losses, as well as attorney's fees and costs.

On or about June 23, 1998, a joint answer was filed on behalf of all five defendants. Discovery ensued. On January 4, 1999, a joint motion for summary judgment was filed on behalf of all defendants, to which plaintiff filed a response. The defendants filed a reply to the response. On June 11, 1999, the district court granted defendants' motion for summary judgment and entered judgment in favor of the defendants and against plaintiff, who now appeals that judgment.

In granting the defendants' motion for summary judgment, the district court noted that plaintiff had conceded in her response to the motion that her Title VII claim was being asserted against the Department only, and not against the individual defendants. The district court further noted that to the extent the individual defendants were being sued in their official capacity, they were immune from damages under the doctrine of sovereign immunity. The district court then held that on the basis of the evidentiary matter before it, plaintiff had failed to make a prima facie showing of intentional discrimination by any defendant under the rubric of *McDonnell Douglas v. Green,* 411 U.S. 792 (1973).[2] Specifically, the district court concluded that plaintiff had failed to

---

[2]In its review of the evidentiary matter before it, the court mentioned, *inter alia,* that another female of Iranian birth, Afsaneh Afkham, was hired by the Department as an Engineer I at the same time plaintiff was hired and that Afkham's probationary status was also extended for three months, but that unlike the plaintiff, Afkham completed her extended probationary period, was permanently hired by the Department and later promoted, and continues in her employment with the Department. The district court also noted that defendants Barrett and Lucas had previously recommended hiring plaintiff as

show that "a nexus exists between these allegedly discriminatory statements and the adverse employment decision." In connection therewith, the district court observed that "isolated comments" unrelated to the challenged employment decision are insufficient to show the requisite discriminatory animus. The district court mentioned, as an alternative basis for granting summary judgment, that plaintiff had not shown that defendants' proffered reasons for termination were pretextual. The defendants' proffered reasons for plaintiff's termination were her unauthorized use of, or placement of access to, America Online on her office computer and an incident wherein "she pressed a pencil into Lucas' hand during a meeting." At the same time the district court rejected any suggestion by plaintiff that the defendants, or any of them, had retaliated against her for filing discrimination charges by failing to rehire her to her old job.

On appeal, plaintiff's principal argument is that the district court erred in granting summary judgment for the defendants because there were genuine issues of material fact. In other words, according to the plaintiff, there was sufficient evidentiary matter before the district court from which a fact finder could reasonably conclude that she had made a prima facie case of race, national origin and gender discrimination. Such is not our reading of the record.

Our review of the record convinces us that the district court did not err in granting defendants' motion for summary judgment. In this regard, the district court concluded

---

an Engineer I.

that isolated statements, perhaps indicative of a discriminatory intent when made, are insufficient to show discriminatory intent in a subsequent termination decision, citing, for example, *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 531 (10th Cir. 1994). In *Cone*, we stated that Ms. Cone had to show that a "nexus exists between those allegedly discriminatory statements and the hospital's decision to terminate her." *Id.* The district court alternatively held that defendants had articulated a legitimate business reason for plaintiff's termination and that plaintiff failed to make a sufficient showing that the articulated reason was pretextual. *Sanchez v. Phillip Morris Inc.*, 992 F.2d 244, 247 (10th Cir. 1993). We agree.[3] Nor did the district court err in holding that plaintiff had failed to make a sufficient showing to support her retaliation claim based on failure to rehire.

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Circuit Judge

---

[3]In *Kendall v. Watkins,* 998 F.2d 848, 851 (10th Cir. 1993) we stated that "merely showing" that an employer's articulated reason for an adverse employment action was "wrong" or "unreasonable," and not a "sound business reason" or even a "fair one," does not prove intentional discrimination, citing *Gray v. University of Arkansas,* 883 F.2d 1394, 1401 (8th Cir. 1989).