Iyla M. CARTER, Plaintiff–Appellant,

v.

NEWMAN MEMORIAL COUNTY HOSPITAL; Quorum Health Resources, Inc., Defendants–Appellees.

No. 01–3273.

United States Court of Appeals, Tenth Circuit.

Oct. 18, 2002.

---

David O. Alegria, McCullough, Wareheim & LaBunker, Topeka, KS, for Plaintiff–Appellant.

William A. Larson, Gehrt & Roberts, Topeka, KS, Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for Defendant–Appellee.

Before LUCERO, PORFILIO, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT*

PORFILIO, Senior Circuit Judge.

Plaintiff Ilya Carter appeals from the district court's order granting summary judgment to Defendant Newman County Memorial Hospital on her complaint for wrongful termination of employment.[1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In 1996, at nearly age 65 and after sixteen years of employment with Defendant, Plaintiff was terminated from her position as a medical equipment tracker. Over the years, Plaintiff's employee evaluations were generally satisfactory, but noted either her need to speed up or inability to finish her work on time. Plaintiff alleges she was terminated because of her age and subjected to a hostile work environment in violation of the Age Discrimination in Employment Act (ADEA). Defendant contends her position was eliminated as part of a non-discriminatory reduction-in-force (RIF).

The ADEA provides that it is "unlawful for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). Liability attaches only if a plaintiff's age "actually played a role in [the employer's decision-making] process and had a determinative

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1.** Quorum Health Resources, Inc., moved for summary judgment based on the fact that it was not Plaintiff's "employer" within the meaning of that term under the Age Discrimination in Employment Act. Because Plaintiff did not respond to this motion, the district court awarded summary judgment to Quorum Health Resources, Inc. Plaintiff does not challenge this order on appeal.

influence on the outcome." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105(2000) (*quoting Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)).

We apply the analytical framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case of age discrimination, a plaintiff must show: (1) she was a member of the protected age group, over age 40; (2) she was performing satisfactorily; (3) she was discharged; and (4) evidence exists from which a reasonable fact-finder might conclude that the employer intended to discriminate in the termination decision. The burden then shifts to the defendant to provide a legitimate, non-discriminatory explanation for the employee's termination.

Defendant conceded that Plaintiff made out a *prima facie* case of age discrimination and offered the RIF as the nondiscriminatory justification for her termination. Finding Plaintiff had offered no evidence from which a reasonable jury could infer pretext, the district court granted summary judgment to Defendant on the age discrimination claim. Further, the district court held that Plaintiff failed to produce evidence of hostile work environment sufficient to survive summary judgment.

We review the grant of summary judgment *de novo*, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *See Penry v. Federal Home Loan Bank,* 155 F.3d 1257, 1261 (10th Cir.1998). We review the record and draw all reasonable inferences in a light most favorable to the non-moving party. Summary judgment is appropriate if "there is no genuine issue as to any material fact ... and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A mere scintilla of evidence supporting the nonmovant does not create a genuine issue of material fact; instead, the nonmovant must present facts from which a reasonable jury could find in her favor. *See Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1175 (10th Cir. 1999). We review evidentiary rulings for abuse of discretion. *Wright–Simmons v. City of Oklahoma City,* 155 F.3d 1264, 1268 (10th Cir.1998).

The first issue on appeal is whether Plaintiff met her burden of showing Defendant's proffered reason for her termination was a pretext for age discrimination. The second is whether she presented a material issue of fact on the existence of a hostile work environment.

## I. EVIDENCE OF PRETEXT

In support of her first claim, Plaintiff relied upon the following, which we review in the light most favorable to her and discuss severally below: (1) Marlene Hanson (Plaintiff's direct supervisor) made age-related comments to Plaintiff; (2) Linda Hacker (Hanson's supervisor) asked Plaintiff on two occasions about her intent to retire; (3) Defendant was operating profitably at the time of the alleged RIF; (4) two employees other than Plaintiff felt or heard that the hospital disfavored older employees; and (5) Defendant deviated from its published RIF criteria by not considering seniority in the termination decision and by not informing Plaintiff of her recall rights.

First, the district court properly concluded that Hanson's comments, although age-related, do not evince an ADEA violation. Factors that persuaded the *Reeves* Court to uphold a jury finding of discrimination include the following: a supervisor with actual decisionmaking power told the employee that he was "too damn old to do [his] job;" the employee was subjected to

age-related criticisms on other occasions; and a much younger co-worker corroborated the employee's testimony of differential treatment of older employees. *See Reeves,* 530 U.S. at 151, 120 S.Ct. 2097. By comparison, comments directed by Hanson to Plaintiff appear far less numerous and egregious. Plaintiff offered no evidence suggesting that Hanson had decisionmaking power over her termination; the connection between Hanson and Hacker was limited to "several conversations" about whether Plaintiff would be retiring. Plaintiff demonstrated no nexus between Hanson's comments and her termination. Accordingly, as in *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526 (10th Cir.1994), Plaintiff failed to make out an age discrimination case because "age-related comments by non-decisionmakers are not material in showing the hospital's action was based on age discrimination." *Id.* at 531.

Second, Hacker's twice-repeated question about Plaintiff's intent to retire is relevant because her recommendation, at least in part, led to the challenged termination. In *Cone,* the ageist comments held to be inadequate to sustain a claim of age discrimination were of a general nature (hospital officials stated that "long-term employees have a diminishing return" and that the hospital "need[s] some new young blood"). *Id.* By contrast, Hacker's queries specifically concerned Plaintiff's retirement. However, Plaintiff offered minimal evidence from which a reasonable jury could infer that discriminatory animus motivated Hacker's decision to recommend termination. Therefore, Hacker's questions appear to be "best characterized as stray remarks" which "are insufficient to create a jury issue in an ADEA case." *Id.*

Third, Plaintiff alleged that the RIF was unnecessary because Defendant was financially healthy and operating profitably. However, as the district court correctly stated, the wisdom of a RIF is not for a court or jury to decide. *See Doan v. Seagate Tech., Inc.,* 82 F.3d 974, 977 (10th Cir.1996). We have consistently held that "the touchstone of [the business justification] inquiry is a reasoned review of the employer's justification for his use of the challenged practice." *Ortega v. Safeway Stores, Inc.,* 943 F.2d 1230, 1244 (10th Cir.1991) (*quoting Wards Cove Packing Co., Inc. v. Atonio,* 490 U.S. 642, 659, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). Evidence of financial health or an imprudent or erroneous RIF decision may supplement evidence of pretext, but standing alone, it does not suffice to make out an ADEA violation. *See Furr v. Seagate Tech.,* 82 F.3d 980, 986 (10th Cir.1996). While we recently held that the question of whether an employer eliminated a job is one of fact, to be determined by a jury, *Garcia v. Pueblo Country Club,* 299 F.3d 1233,1239 (10th Cir.2002), we also repeatedly have held that courts should not use the ADEA as a vehicle for reviewing the propriety of business decisions. *Faulkner v. Super Valu Stores, Inc.,* 3 F.3d 1419, 1427 (10th Cir.1993).

Fourth, Plaintiff highlighted the testimony of other employees allegedly harassed or fired because of age. The first employee, Robert Lee Cannon, was hired for a relief shift when he was 61 years old. He began working part-time at 62 and worked for approximately ten years thereafter part-time. His job was eliminated in 1997, but he testified that "if [his] job was eliminated because of his age he did not know it." The second employee, Twila Fowler, testified that her working conditions became more difficult as she approached age 65, and that she was informed by her supervisor that the hospital was going to reduce cost by the retirement of older employees. The third employee, Betty Rathke, was terminated at age 59.5, after 20.5 years of work with the hospital. She

testified that her supervisor informed her she was not performing her work fast enough and believed the hospital discriminated against older employees.

The preceding employees' testimony does not create an inference of age discrimination. First, Mr. Cannon's employment history renders his testimony irrelevant. Second, statements made to and beliefs held by Ms. Fowler and Ms. Rathke fall into the *Cone* category of "stray remarks," and therefore are insufficient to create a jury issue. *Cone*, 14 F.3d at 531. Third, we have declined to recognize disparate impact claims under the ADEA. *See Ellis v. United Airlines Inc.*, 73 F.3d 999, 1007 (10th Cir.1996).

Finally, the district court properly concluded Plaintiff did not demonstrate Defendant deviated from RIF criteria. Defendant's published personnel policy provided that three factors—job classification, job performance, and seniority, in that order—would be considered in staff reductions. Defendant based its decision to terminate Plaintiff solely on job classification, rather than seniority. However, Plaintiff offered no evidence showing that consideration of seniority was mandatory. Further, Plaintiff's contention that a jury could infer discrimination from Defendant's failure to inform her of her recall rights under the RIF is unavailing. The policy mandated that Defendant offer an employee terminated because of a staff reduction the option to take another position if one became available within three months. Plaintiff's signature on a written copy of the policy indicates she was aware of the recall provision. Moreover, she offered no evidence showing that a position became available within three months of her termination.

## II. HOSTILE WORK ENVIRONMENT

Plaintiff failed to advance a colorable hostile work environment claim. *Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257 (10th Cir.1998), relied upon by the district court, states that "[f]or a hostile environment claim to survive a summary judgment motion, 'a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* at 1261 (*quoting Davis v. U.S. Postal Service*, 142 F.3d 1334, 1341 (10th Cir. 1998)). Compared with the statements discussed in *Penry* and in other hostile environment cases, the comments Plaintiff relied upon appear neither pervasive nor severe.

Accordingly, the judgment of the district court is **AFFIRMED.**