**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERALD A. VINCENT,

    Plaintiff-Appellant,

v.

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION,
formerly known as BTS Broadcast
Television Systems, Inc.,

    Defendant-Appellee.

No. 99-4139
(D.C. No. 97-CV-0237-K)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **PORFILIO,** Circuit Judges, and **ALLEY**, Senior District Judge.[**]

Plaintiff-Appellant Gerald A. Vincent appeals from a summary judgment

entered against him regarding his age discrimination claims under the Age

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"). We exercise jurisdiction under 28 U.S.C. §1291 and affirm.

Appellant presents two issues for decision. One issue challenges the district court's ruling that no genuine issue of material fact exists regarding a prima facie case of age discrimination or pretext. The second issue concerns the district court's exclusion of evidentiary matter.

The standards of appellate review are well settled. We review a summary judgment decision de novo, applying the same legal standard used by the district court. Penry v. Federal Home Loan Bank, 155 F.3d 1257, 1261 (10th Cir. 1998), cert. denied, 526 U.S. 1039 (1999); Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1360 (10th Cir. 1997). A moving defendant is entitled to summary judgment if the factual record and inferences favorable to the plaintiff "could not lead a rational trier of fact to find for the [plaintiff]." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the plaintiff (who bears the burden of proof) lacks sufficient evidence on an essential element of a claim, then other factual issues concerning the claim are immaterial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We review evidentiary rulings for abuse of discretion. Wright-Simmons v. City of Oklahoma City, 155 F.3d 1264, 1268 (10th Cir. 1998). Applying these standards, we find no reversible error.

First, we have carefully reviewed the appellate record and find ourselves in complete agreement with the district court's decision to grant summary judgment on Appellant's age discrimination claim.

To establish a prima facie case of age discrimination, Appellant must show: (1) he was a member of the protected age group, over age 40; (2) he was qualified for the position he sought; (3) he was not hired; and (4) a younger person was hired. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). The district court found based on the evidence before it that Appellant had not made a prima facie case of age discrimination because he was not qualified for two of the three positions he sought, i.e. Director of Operations and Technical Services Manager. The district court observed that Appellant did not have the requisite four-year college degree nor did he have the experience required by the minimum job qualifications. We agree with the district court .

Appellant argues the district court disregarded genuine issues of fact that raised a question as to his qualifications. Appellant contends that Russ Ence, Appellee's Human Resources Manager, indicated Appellant was qualified for the Director of Operation's position, and would be considered for the position. Appellant claims he presented evidence that he had identical responsibilities in his previous employment with Appellee and experience while working for other firms in similar positions.

We find the district court's ruling to be correct even in light of Appellant's arguments. First, Ence did not hire or interview Appellant for the position. Rather, an outside company compiled the candidates and Appellant was not a candidate. Second, Appellant's background and experience with Appellee and other companies did not include experience in the "turn-key and outside assembly vendor management" and "supplier management program" field. This was a significant change of product and format from Appellant's traditional manufacturing experience. Appellant did not provide the district court with any evidence he was qualified for the position concerning this new technology.

Next, in support of his argument he was qualified for the Technical Services Manager position, Appellant contends the individual hired for the position lacked the same experience he lacked for the position, i.e. a working knowledge of the current products. Although Appellant cites this in support of his argument he <u>was qualified</u> for the position, it actually supports the district court's ruling he was <u>not qualified</u> for the position. Even assuming the candidate chosen for the position did not have the working knowledge of the current product, this does not somehow render Appellant qualified for the position. Appellant's self-serving argument he was qualified for the position in light of the change in technology is insufficient to create a genuine issue of material fact.

Appellant cites statements from management that implied he was qualified for the Director of Operations and Technical Services Manager positions. However, these statements were not specific nor made at the time of hiring for the positions. Additionally, Appellant challenges Appellee's description of the qualifications necessary for the positions, but provides no evidence to dispute the cited qualifications. Accordingly, the district court's ruling that Appellant was not qualified for the Director of Operations or Technical Services Manager positions was proper, and Appellant failed to establish a prima facie case of age discrimination regarding these two positions.

Regarding the third position, Senior Buyer, the district court assumed for purposes of summary judgment that Appellant had met his burden of proof, demonstrating he was qualified for the position. Nonetheless, the district court appropriately granted Appellee's motion for summary judgment because Appellant failed to establish the Appellee's reasons for not hiring him were merely pretextual. Cone v. Longmont United Hospital Assoc., 14 F.3d 526, 529 (10th Cir. 1994). See also Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1315 (10th Cir. 1999)(evidence plaintiff was only similarly qualified or not as qualified as the selected candidate does not raise evidence of pretext).

Appellant claims he has established pretext through a memo drafted in 1992 by Appellee's sister company in Germany, indicating people over age 45 are not

high potentials for promotions (the "Ismar Memo"), and that this memo was applied in the United States. Further, Appellant's evidence of pretext is based on Appellee's several reasons for not hiring him, and one interviewer's statement to him that he was overqualified.[1]

The district court correctly determined the Ismar Memo was not admissible evidence in granting Appellee's motion in limine because its prejudice outweighed its probative value. As discussed by the district court, the Ismar Memo was drafted in 1992, prior to Appellant's application for these positions. The memo was drafted in Germany, not the United States. Moreover, Appellant did not show that any of the individuals charged with hiring for the three positions received the Ismar Memo or even knew of its existence. The motion in limine was properly granted based upon the evidence before the district court.

Next, Appellant contends his termination in 1990 from Appellee when it was operating through a different joint venture establishes pretext because management told him he was "getting up in years." The district court properly excluded any evidence of Appellant's prior employment with Appellee not relating to his qualifications. In 1990, Appellee operated pursuant to a different

---

[1]     This comment does not raise an issue of pretext as the interviewer indicated Appellant was a top candidate for the position. She did not tell him he was overqualified and that was the reason for not hiring him. This isolated comment has no nexus to Appellant's argument of pretext.     See e.g.  Cone v. Longmont United Hosp. Assoc.  , supra, 14 F.3d at 531.

joint venture and the individual who allegedly made the ageist comment was not responsible for hiring any one of the three positions Appellant sought.

Finally, Appellant challenges the district court's granting of Appellee's motion in limine that excluded the Utah Anti-Discrimination Division determination of age discrimination and the testimony of its personnel. The district court excluded the determination because it lacked formal procedures, provided for no cross-examination of witnesses and could suggest to a jury a resolution of the case. The determination was based on the Ismar Memo and the testimony of two employees that the memo had world-wide application. The investigator of the determination could not remember what, if any, other evidence she relied upon in making the determination. However, she did not determine whether the Ismar Memo or its policies were in effect in or after 1995, even though the two employees no longer worked for Appellee. Further, there is no evidence the individuals charged with hiring Appellant knew of the memo's existence or followed any such policy. The district court correctly granted Appellee's motion in limine.

We have reviewed the parties' summary judgment briefs, the district court's decision, the parties' appellate briefs, and the relevant record. Finding no error, we affirm for substantially the same reasons stated in the district court's March 1, 1999 Order.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Wayne E. Alley
Senior District Judge