**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD EUGENE CALDERWOOD,

    Plaintiff-Appellant,

v.

GENERAL MILLS; HOLLAND
BROWN; KEVIN ROBIDEAU,

    Defendants-Appellees.

No. 00-2500

(D.C. No. CIV-99-330-JC/KBM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Richard Eugene Calderwood, appearing pro se, appeals the district court's order

granting summary judgment in favor of defendants. We have jurisdiction pursuant to 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1291 and affirm.

## I.

General Mills advertised for twenty cereal manufacturing technician positions and received over one thousand applications and ninety-one employee referral candidates for the positions. Calderwood, who was fifty years of age, was one of the applicants. The application did not require applicants to divulge their ages. It requested dates of attendance of college or vocational schools and dates of employment, and provided space for a listing of experience, training, and education in mechanical, electrical, and manufacturing skills areas. Calderwood did not include an exhaustive list of his experience and qualifications on the application. He unsuccessfully attempted to supplement his application with his resume on two occasions. The reviewing committee initially placed his application in the mechanical skills category for further review, but he was eliminated from consideration after the committee determined his skills were weaker than those of other candidates.

Calderwood sought reconsideration of his application, but he was unsuccessful. He filed this action in federal district court, contending (1) he was discriminated against because of his age; and (2) he was not allowed to compete because of lack of mechanical skills. The district court granted defendants' motion for summary judgment, finding Calderwood had failed to create any genuine dispute of fact with regard to whether defendants' reasons for not hiring him were a pretext for age discrimination.

2

II.

We review the grant of summary judgment de novo, applying the same legal standard as the district court. Mesa v. White, 197 F.3d 1041, 1042 (10th Cir. 1999). Summary judgment is proper if the evidence, viewed in the light most favorable to the non-movant, shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998).

Where, as here, there is no direct evidence of discrimination, we use the McDonnell Douglas burden-shifting framework. See Cone v. Longmont United Hosp. Assoc., 14 F.3d 526, 529 (10th Cir. 1994). The plaintiff "must carry the initial burden under the statute of establishing a prima facie case" of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once the plaintiff has established a prima facie case, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its employment action. Id. If the defendant meets this burden, the plaintiff must show that defendant's justification is pretextual. Id. at 804.

The district court assumed that Calderwood presented sufficient evidence to establish a prima facie case. The court found that defendants met their burden of articulating a legitimate nondiscriminatory reason for not hiring Calderwood – because he was less qualified than other applicants. "To satisfy this burden, 'the employer need only

3

produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus.'" Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1279 (10th Cir. 1999) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 257 (1981)). We agree that defendants met this burden. The record reveals that Calderwood did not list all of his qualifications on his application, and the committee reasonably concluded he was less qualified than other applicants. Further, defendants were not provided with any direct evidence of Calderwood's age. The positions ultimately were filled with applicants whose ages ranged from twenty-two to fifty.

The burden then shifted back to Calderwood to show a genuine dispute of material fact regarding the pretextual nature of defendants' nondiscriminatory reason for not hiring Calderwood. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotations omitted).

As a basis for his argument of pretext, Calderwood asserts that his age was apparent from the application because of inclusion of his college graduation date, and he was subjected to disparate treatment because defendants would not accept his resume.

4

There is no evidence that defendants made any effort to ascertain the ages of applicants, and there is no evidence that defendants accepted resumes from any of the other applicants. Calderwood chose not to include all relevant information on his application even though there was sufficient space. His assertions are insufficient to create a genuine dispute of material fact regarding pretext.

In his appellate brief, Calderwood also argues the court abused its discretion in denying his motion for sanctions and in denying his request for a court-ordered non-binding mediation. However, Calderwood did not appeal from those rulings. His notice of appeal is only from the entry of summary judgment filed November 16, 2000. Even if we were to consider Calderwood's arguments, we conclude that the district court did not abuse its discretion.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge