F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROVELL R. HESLET,

    Plaintiff-Appellant,

v.

WESTAR ENERGY, INC., doing
business as Jeffrey Energy Center,

    Defendant-Appellee.

No. 05-3177
(D.C. No. 03-CV-4144-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Plaintiff Rovell Heslet appeals the district court's grant of summary

judgment dismissing his age discrimination complaint against Westar Energy, Inc.

We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

I.

Plaintiff resigned from his employment as a journeyman mechanic for Westar in April 2002, after being told that he would be terminated. He was fifty-two years old at the time, and had worked for Westar for nearly twenty years. In December 2001, Westar's plant manager, Dave Neufeld, received an anonymous call that plaintiff was stealing items from Westar. Plaintiff denied stealing, and his supervisor, Dave Claussen, gave him a verbal warning, but took no disciplinary action. In April 2002, the same caller – now identified as plaintiff's girlfriend, Roberta Devader – again contacted Westar and told Claussen that plaintiff was continuing to steal from Westar. Neufeld and Claussen interviewed Devader, and she showed them photographs depicting a significant amount of Westar property in plaintiff's home and bags containing Westar property that Devader said plaintiff had given her.

Neufeld and Claussen then met with plaintiff, who initially denied taking or stealing any Westar property. Plaintiff admitted taking items only after being shown the photographs, and gave differing explanations for why he had the items. After an investigation, Neufeld decided to terminate plaintiff's employment because he believed plaintiff had stolen company property, had denied the thefts until confronted with evidence of the thefts, and had already been warned that theft might warrant termination. Plaintiff chose to resign when he was told of the

impending termination. Plaintiff then filed a complaint against Westar, alleging it terminated his employment in violation of the Age Discrimination in Employment Act (ADEA). The district court granted summary judgment in favor of Westar.

## II.

We review the grant of summary judgment de novo. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the record and any reasonable inferences therefrom in the light most favorable to the nonmoving party. *MacKenzie*, 414 F.3d at 1273.

On appeal, the parties do not dispute the district court's ruling that plaintiff established a prima facie case of age discrimination under the ADEA. *See Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005) (describing burden-shifting analysis of circumstantial-evidence ADEA claim). Nor do they dispute the court's ruling that Westar presented a legitimate, nondiscriminatory reason for terminating plaintiff, namely, Neufeld's belief that plaintiff stole from Westar. Plaintiff does challenge the district court's ruling that he failed to present evidence that Westar's reason for terminating him was a pretext for discrimination.

*See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000) (noting that plaintiff can withstand summary judgment if he presents evidence that employer's reason for the employment decision is "pretextual-i.e. unworthy of belief" (quotation omitted)). "Where as here plaintiff seeks to demonstrate that the employer's explanation is merely a pretext, this court requires a showing that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998) (quotation omitted).

### A.

Plaintiff first contends the district court erred in finding, as an uncontroverted fact, that he had stolen Westar property. In this regard, he contends the district court erroneously considered an affidavit from Ms. Devader which described the Westar property that plaintiff had given her and had in his home. Plaintiff argues that the district court should not have considered the affidavit because Devader did not have personal knowledge that he stole from Westar and there is no factual basis for her allegations. He further argues that the district court adopted the Devader allegations as fact, and failed to consider plaintiff's evidence that he had permission to possess Westar property and that some of the property had been discarded by Westar.

Plaintiff misdescribes the district court's order. The court did not adopt Devader's allegations, nor did it make any finding that plaintiff stole property from Westar; indeed, it expressly stated that it "need not determine whether or not [plaintiff] in fact stole property from Westar." Aplt. App. at 303. Rather, it found that Westar terminated plaintiff's employment because *Westar* believed Devader's allegations, and that plaintiff did not present evidence that Westar did not honestly believe plaintiff had stolen property from it. This was the correct analysis.

We have repeatedly held that in determining whether the employer's proffered reasons for its decision is pretextual, the court examines whether the employer had an honest belief that the employee engaged in misconduct, and considers the facts as they appeared to the person making the termination decision, even though plaintiff later presented evidence in court proceedings that the allegations may have been false. *See, e.g., Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005); *Kendrick*, 220 F.3d at 1230-32; *McKnight*, 149 F.3d at 1129. The Devader affidavit complied with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, and it was properly considered by the district court in its evaluation of whether Westar's proffered reason for plaintiff's termination was pretextual. Furthermore, we are satisfied from our review of the record and the district court's recitation of the evidence that the court properly

considered and evaluated all of the evidence, including evidence submitted by plaintiff.

B.

Next, plaintiff contends the district court erroneously rejected, as evidence of pretext, the fact that a younger employee who stole from Westar was suspended without pay for thirty days, but not terminated. The district court correctly noted, however, that there are significant differences between plaintiff's and the other employee's conduct. The other employee stole only one box of trash bags; immediately apologized and offered to pay for the bags; had the support of the union steward; and was warned another theft would result in termination. In contrast, the evidence before Westar was that plaintiff had already been warned about stealing; had a large quantity of Westar property in his possession; repeatedly denied taking any Westar property until confronted with the Devader photographs; did not have the union steward's support; and did not apologize. We agree with the district court's conclusion that the differences in treatment are explained by rational, nondiscriminatory differences in the relevant employment circumstances and, thus, do not create an inference of pretext. *See Kendrick*, 220 F.3d at 1232 (holding that differences in treatment that are explained by nondiscriminatory reasons will not sustain a claim of pretext); *see also EEOC v. Flasher Co.*, 986 F.2d 1312, 1320 (10th Cir. 1992) (holding that differences in

treatment between different employees can be explained by the fact that "individualized circumstances surrounding the infractions offered some mitigation for the infractions less severely punished").

C.

Plaintiff also contends the district court failed to consider a comment by plaintiff's intermediate supervisor that Westar was looking to get rid of older guys, which he contends is evidence of pretext. The district court did not ignore this evidence, but properly ruled that this stray remark, made almost a year before plaintiff's termination, was too isolated and remote in time from the employment decision to create a genuine issue of fact for a jury. *See Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000) (concluding that isolated, ambiguous or stray remarks may be too abstract to support an inference of age discrimination); *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) ("Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions.").

We agree with the district court's conclusion that plaintiff failed to meet his burden of presenting evidence from which a reasonable jury could conclude that

Westar's proffered nondiscriminatory reason for plaintiff's termination is

unworthy of belief.  Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge